Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3158 | **DATE** | 1/14/2002 |
| **CASE TITLE** | THOMAS RODEFFER vs. COUNTY OF DUPAGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on Plaintiff Thomas Rodeffer's ADA claims against the defendant County of DuPage, which is entitled to judgment as matter of law. Accordingly, defendant County of DuPage's motion for summary judgment is granted. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | CM | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JAN 1 5 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS RODEFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 3158 |
| | ) | Paul E. Plunkett, Senior Judge |
| COUNTY OF DUPAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Thomas Rodeffer has sued the County of DuPage for its alleged failure to accommodate his disability and for discharging him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102, et seq. ("ADA"). Defendant has filed a Federal Rule of Civil Procedure 56(c) motion for summary judgment on these claims. For the reasons set forth below, the motion is granted.

### Facts[1]

Thomas Rodeffer was hired by defendant in 1987. (Def.'s Resp. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 4.) From 1994 until his discharge in early 1999, Rodeffer was a heavy equipment mechanic in the highway department. (Id. ¶¶ 7, 25.)

Throughout Rodeffer's tenure as a heavy equipment mechanic, defendant had a snow policy that required all highway department employees to be available to work overtime in the winter. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 4.) The aim of the snow policy, which was effective from

---

[1] The following facts are undisputed.

November 1 through March 31, was "to ensure that [there was] adequate staff available to meet winter emergency requirements." (Def.'s LR 56.1(a)(3) Stmt., Ex. C.) Rodeffer had received a copy of the snow policy, had signed and returned it to defendant, and was generally aware of its terms. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 7.)

Rodeffer has suffered from coronary artery disease since 1995, but had no working restrictions because of it until 1998. (Id. ¶ 8; Def.'s Resp. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 11-12.) In the Summer or Fall of 1998, Rodeffer started to have chest pains while working. (Def.'s Resp. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 13.) When he experienced such pains, which lasted only a few minutes, he would have to stop working until they passed. (Id.)

On October 12, 1998, Rodeffer gave defendant a note from Dr. Bednar, his personal physician, that said: "Due to stress related issues I feel it best that [Rodeffer] not work more than 40 hours per week." (Def.'s LR 56.1(a)(3) Stmt., Ex. D.) After receiving it, defendant asked for clarification of the note. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 10; Def.'s Resp. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 18.)

On November 5, 1998, Rodeffer gave defendant a second note from Dr. Bednar, which said: "I have suggested [Rodeffer] work no more than 40 hrs/wk. I suggest that this continue till January 15th. Pt will be reevaluated at that time." (Def.'s LR 56.1(a)(3) Stmt., Ex. E.) After receiving this note, defendant asked Rodeffer to submit to an independent medical exam by Dr. Grissom. (Def.'s Resp. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 20.)

On January 5, 1999, Dr. Grissom sent his report to defendant. Like Dr. Bednar, Dr. Grissom recommended that Rodeffer not work more than forty hours per week. (Def.'s LR 56.1(a)(3) Stmt., Ex. H.)

On January 15, 1999, Rodeffer saw Dr. Bednar again. After this examination, Dr. Bednar wrote another note that said: "No overtime at work for 1 yr due to stress reactions." (Id., Ex. I.)

After receiving Dr. Bednar's third note, Patty Merola, one of defendant's Senior Personnel Analysts, contacted the DuPage County States' Attorney for advice on how to handle the situation. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 12, 16.) Defendant did not require Rodeffer to work overtime while the States' Attorney conducted its investigation. (Id. ¶ 17.)

On January 21, 1999, Merola met with Rodeffer, County Highway Maintenance Manager Carl Schweizer and County Department of Transportation Deputy Director Morgan Cotton. (Id. ¶¶ 12, 19.) At the meeting, Merola gave Rodeffer a letter terminating his employment as of February 1, 1999. (Id. ¶ 20; App. Pl.'s LR 56.1(b)(3) Stmt., Ex. 8.) The letter said that Rodeffer was being terminated because he could not perform overtime work, an essential function of the heavy equipment mechanic position. (App. Pl.'s LR 56.1(b)(3) Stmt., Ex. 8.) At the meeting, Merola also gave Rodeffer a list of other employment opportunities available with defendant. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 21.)

Since his discharge, Rodeffer has worked as a mechanic for Sears and Magic Muffler and as a payroll clerk for the United States Census Department. (Id. ¶ 26.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth

of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

Rodeffer contends that defendant violated the ADA when it: (1) refused to accommodate his disability by excusing him from overtime work; and (2) discharged him. The ADA prohibits employers from discriminating against "a qualified individual with a disability." 42 U.S.C. § 12112(a). Proof of disability is a threshold requirement. Without it, Rodeffer's ADA claims will fail. Sinkler v. Midwest Property Mgmt. Ltd. P'ship, 209 F.3d 678, 683 (7th Cir. 2000).

A person is disabled within the meaning of the ADA if he has: (1) "a physical or mental impairment that substantially limits one or more of the [individual's] major life activities"; (2) "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(2); see 29 C.F.R. 1630.2(g). The definition of a "physical or mental impairment" includes "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1). Rodeffer's coronary artery disease is a physiological disorder that affects his cardiovascular system. It is, therefore, a physical impairment as the statute and regulations define it. See id.

Defendant contends, however, that Rodeffer's condition does not substantially affect any of

his major life activities and thus does not fall within the ADA's first definition of disability. The Court agrees. Major life activities include: "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). A person is "substantially limited" in a major life activity if he is "[u]nable to perform a major life activity that the average person in the general population can perform" or is "[s]ignificantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(j)(1)(i), (ii).

Rodeffer claims that his condition substantially limits his ability to work. The EEOC deems an individual substantially limited in the life activity of working only if he is:

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i). In the words of the Supreme Court:

> To be substantially limited in the major life activity of working, . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

Sutton v. United Airlines, Inc., 527 U.S. 471, 492 (1999).

During his tenure with defendant, Rodeffer has worked as a custodian, a laborer, an auto mechanic and a heavy equipment mechanic. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 4-7.) He has adduced no evidence to suggest that his inability to work overtime disqualifies him from performing those, or any other jobs suited to his skills, for other employers. In fact, the record shows that the opposite

is true as Rodeffer has worked both as a mechanic and as a payroll clerk since he was discharged by defendant. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 26.) Because there is no evidence to suggest that Rodeffer's inability to work overtime substantially limits his ability to work, his condition does not fall within the ADA's first definition of disability. See Kellogg v. Union Pac. R.R. Co., 233 F.3d 1083, 1087 (8th Cir. 2000) ("An employee is not substantially limited in the major life activity of working by virtue of being limited to a forty-hour work week."); Tardie v. Rehabilitation Hosp. of R.I., 168 F.3d 538, 542 (1st Cir. 1999) (holding that inability to work overtime was not a disability because "there are vast employment opportunities available which require only 40-hour work weeks"); Kolpas v. G.D. Searle & Co., 959 F. Supp. 525, 529 (N.D. Ill. 1997) ("The inability to work more than forty hours per week by itself does not constitute a substantial limitation on the major life activity of working.").

Rodeffer also argues that his coronary artery disease substantially limits the major life activity of caring for himself because he "cannot decide, without extreme consequences, to heavily exert himself, expos[e] himself to extreme temperatures, or work overtime." (Pl.'s Resp. Def.'s Mot. Summ. J. at 11.) According to the EEOC, however:

> An impairment substantially limits an individual's ability to care for him/herself if, due to the impairment, an individual is significantly restricted as compared to the average person in the general population in performing basic activities such as getting up in the morning, bathing, dressing, and preparing or obtaining food.

EEOC Enforcement Guidance, Notice 915.022 (March 25, 1997); see Humphrey v. Memorial Hosp. Ass'n, 239 F.3d 1128, 1135 (9th Cir. 2001) (stating that plaintiff's Obsessive Compulsive Disorder, which caused her, at times "to prepare for work from eight o'clock in the morning until five or six o'clock in the evening" was an impairment that substantially limited her ability to care for herself).

Rodeffer's claimed limitations fall far short of that mark. Because his condition does not substantially limit him in the major life activity of caring for himself, it is not a disability within the meaning of the statute.

Even if he does not have an impairment that substantially limits a major life activity, Rodeffer argues that he is disabled because he has a record of having such an impairment. The Court disagrees. Though the notes from Rodeffer's doctors suggest that he has a physical impairment, they do not constitute a record of an impairment that substantially limits one of his major life activities. Drs. Bednar and Grissom variously reported that Rodeffer had coronary artery disease, "stress related issues" and "stress reactions." (Def.'s LR 56.1(a)(3) Stmt., Exs. D, H, I.) The only restriction they placed on him, however, was that he work only forty hours per week. (Id.) That restriction, as we discussed above, does not constitute a substantial limitation on any of Rodeffer's major life activities. Consequently, Rodeffer does not have a record of a substantially limiting impairment, the ADA's second definition of disability.

Nor was Rodeffer regarded by defendant as having a substantially limiting impairment. After receiving the notes from Rodeffer's doctors, defendant altered his job responsibilities in only one respect: it temporarily relieved him of overtime work. There is no evidence to suggest that defendant believed Rodeffer's restriction rendered him unable to perform the other duties of his job or that it believed his restriction disqualified him from performing any other jobs. On the contrary, it is undisputed that Merola gave Rodeffer a list of other available positions when she terminated him from the heavy equipment mechanic position, which indicates that she thought Rodeffer was fully capable of performing other jobs. Because Rodeffer has adduced no evidence to suggest that defendant regarded his condition as a substantially limiting impairment, it does not fall within the

ADA's last definition of disability.

In sum, Rodeffer has not raised a genuine issue of fact on whether he has a disability within the meaning of the ADA. Because there is no evidence to suggest that he meets this threshold requirement, defendant is entitled to summary judgment on the failure to accommodate and discriminatory discharge claims he asserts against it.

### Conclusion

For the reasons set forth above, there is no genuine issue of material fact on Rodeffer's ADA claims against the County of DuPage, which is entitled to judgment as matter of law. Accordingly, defendant's motion for summary judgment is granted. This is a final and appealable order.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: *1-14-02*